NIMMONS, Judge.
Jordan asserts on appeal that the trial court erred in sentencing him outside the guidelines without written reasons. . We agree and reverse.
The state contends that the departure sentence without written reasons was proper in view of the written plea agreement which specifically provided that the court could, in its discretion, impose a departure sentence up to the statutory maximum of life imprisonment. We would agree with the state but for the subsequent colloquy between the court and the defendant at the time of the entry of the nolo contendere plea.
[Prosecutor]: If I might inquire just for the record. Mr. Jordan you understand that you’re pleading straight up to a possible life sentence and that the Court — as a result of that plea bargain the Court would have the discretion to exceed the guidelines. Do you understand that?
THE DEFENDANT: I understand that. I was also explained the fact that unless something drastic were to show up in the presentence investigation that would give cause for going outside of the guidelines that they would more than likely not go outside of the guidelines. * * * * * *
THE COURT: You’re correct that the Court would have to have some basis to go outside of the guidelines in order to sustain it on appeal. The guideline sentence is 12 to 17 years and to exceed that I would have to have some justification to do so.
THE DEFENDANT: Yes, sir.
THE COURT: The Court would accept the plea and order a pre-sentence investigation returnable .Tuesday, November 1st.
At the sentencing three weeks later, the following exchange occurred between the defense attorney and the trial court:
MS. NICHOLAS [defense counsel]: Judge, it was our understanding at the time of sentencing that the Court would have to find reasons to exceed the guidelines.
MR. PORCH [prosecutor]: No. I don’t believe that was the case.
MS. NICHOLAS: I think it was, and I believe it was put on the record at that time.
THE COURT: Well, I think that’s correct. However, I don’t think that I’m required to file my reasons in writing. I just think it’s a senseless murder.
MS. NICHOLAS: Because that was our understanding at the time that there *725 would have to be reasons for exceeding the guidelines.
THE COURT: And one of the reasons is that it’s murder in the first degree, and the State agreed to reduce it to second degree. In exchange for his agreement, the Court could exceed the guidelines.
Without further comment, the court proceeded to impose a life sentence.
The written plea agreement must be regarded as having been modified by the subsequent dialogue which occurred immediately prior to the trial court’s acceptance of the plea. As such, the trial court was not at liberty to impose a departure sentence in the absence of written reasons.
We reverse and remand for resentencing. If the court reimposes a departure sentence, the court will be required to state written reasons therefor.
THOMPSON and WIGGINTON, JJ., concur.